**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA,　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　Plaintiff,　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>ALVINO PANTALEON-PAEZ,　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　Defendant.　　　　　　　　　　)<br>_____) | Case No. CR-07-292-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court is Plaintiff's Motion for Detention (Docket No. 4) and Defendant's related Motion in Support of Pretrial Release (Docket No. 10). Having presided over the January 22, 2008 hearing, considered oral arguments of counsel, reviewed the record and transcript of the hearing, and otherwise being fully advised, the following Order is entered:

## I. STANDARD OF REVIEW

Whether a Defendant is entitled to be released pending trial is set forth in the Bail Reform Act and requires that the trial court err in favor of release. As stated by the Ninth Circuit:

> [W]e bear in mind that federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail. Only in rare circumstances should release be denied. Doubts regarding the propriety of release should be resolved in favor of the defendant. Release pending trial is governed by the Bail Reform Act of 1984, which like its predecessor, the Bail Reform Act of 1966, mandates release of a person facing trial under the least restrictive conditions or combination of conditions that will reasonably assure the appearance of the person as required.

*United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (Internal citations omitted). In order to establish that a Defendant is not entitled to release pending trial, the government has the

**MEMORANDUM DECISION AND ORDER - 1**

burden of proving by a preponderance of the evidence that the defendant is a flight risk and/or poses a danger to the community. *Id*. at 1407.

In making this determination, courts must consider a number of factors, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Although the ultimate concern of the statute is to ensure that a defendant not be released if he poses a serious risk of flight or a danger to the community, the language of the statute focuses on whether there are conditions of release that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e). If no such conditions are available, the defendant must be detained; if such conditions can be imposed, the defendant must be released.

## II.  BACKGROUND

On July 14, 2007, Defendant was arrested for driving under the influence of alcohol ("DUI") and related charges.[1]  Bureau of Immigration and Customs Enforcement ("BICE") Agent Carol Ann Schindele subsequently interviewed Defendant on July 16, 2007. At that time, Schindele was able to confirm Defendant's identity and that he was currently in the United

---

[1] Defendant has two (2) felony DUI's and two (2) misdemeanor DUI's, alongside related open container violations.

**MEMORANDUM DECISION AND ORDER - 2**

States illegally.  An Indictment was later issued on November 27, 2007, charging Defendant with illegal re-entry.  (Docket No. 1).  A warrant for Defendant's arrest was issued on December 7, 2007 and returned on January 16, 2008.  (Docket Nos. 2 & 9).  A March 10, 2008 jury trial is scheduled.

At the January 22, 2008 detention hearing, Plaintiff called Schindele as its sole witness on the issue of detention and offered the Probation Officer's Pre-Trial Services Report into evidence.  Schindele  testified that Defendant had been deported to Mexico on four (4) prior occasions.  (Tr. at 10:16-11:16).  At no time was Defendant ever granted permission to return to the United States following each deportation episode.  (*Id*. at 12:5-7).  Moreover, Schindele testified that, as result of Defendant's most recent illegal re-entry into the United States, an immigration detainer was imposed.  If Defendant is released, he will be placed in BICE's custody and immediately deported to Mexico.  (*Id*. at 12:13-19; 14:13-16:3).

The defense called two witnesses at the hearing.  The first witness, Maria Luz Cisneros, Defendant's sister, testified that Defendant works in the construction business, helps take care of his extended family's children, is welcome to live in her residence, and has the support of his family as to any conditions imposed upon his release.  (*Id*. at 21:10-22:5).[2]  The second witness, Vincente Cisneros, Defendant's brother-in-law, also testified to the familial support available to Defendant if he is released.  (*Id*. at 23:3-23).  Both witnesses were credible and trustworthy.

Additionally, a number of individuals appeared at the hearing to support Defendant.  These included another sister, Defendant's children, aunts, and uncles.  (*Id*. at 32:22-34:5).  All

---

[2] Although she did not testify at the hearing, another sister, Rosalea Coronza, shared Mrs. Cisneros comments about her Defendant brother.  (*Id*. at 22:1925).

**MEMORANDUM DECISION AND ORDER - 3**

told, ten (10) members of Defendant's family were in attendance at the detention hearing.  (*Id*.).  Defendant certainly has "family ties" as contemplated by 18 U.S.C. § 3142(g).

### III.  ANALYSIS

Applying the factors set forth in 18 U.S.C. § 3142(g) to this factual backdrop, it is apparent that Defendant is not a flight risk.  Even though Defendant has been deported on four (4) previous occasions, he always returned to be with his family in Idaho.  It is this same family that clearly supported Defendant at the detention hearing and proposed to care for and monitor Defendant in the event he his released, pending his March 10, 2008 trial.

However, it cannot be concluded that Defendant does not pose a danger to the community.  To say that Defendant has an alcohol problem is an understatement.  Indeed, Defendant has been arrested on five alcohol-related charges, including two felony DUI's, two misdemeanor DUI's, and related open container, driving without privileges, and driving with an invalid driver's license violations.  (Docket No. 11, Att. 2).  Such "past conduct," "alcohol abuse," and "criminal history" are specific factors that must be considered pursuant to 18 U.S.C. § 3142(g) when determining whether Defendant is entitled to be released pending trial.  Simply put, his repetitive alcohol abuse and DUI convictions clearly establish a significant community danger.  *See United States v. Zellars*, 2007 WL 1309575, *11 (E.D. Ky. 2007).  Based on Defendant's repeated violation of the law, the Court has "no confidence in the efficacy of any conditions it might impose" as they may relate to Defendant's dangerous conduct.  *Id*. at *12.  For this reason, Defendant must be detained pending trial.

Alternatively, in light of the BICE detainer, no conditions of release can be imposed which will ensure Defendant's appearance.  This rationale is shared by at least one case in this

**MEMORANDUM DECISION AND ORDER - 4**

District.  *See United States v. Antonio Espinoza-Galvan*, CR-06-006-S-BLW (2/24/06).  In *Espinoza-Galvan*, the defendant illegally re-entered the United States after having been previously deported to Mexico.  As is current practice, BICE lodged a detainer against the defendant which, according to the government, meant that the defendant would be placed in BICE's custody upon release and subsequently deported before standing trial.  In reversing Magistrate Judge Mikel H. Williams' decision, District Judge B. Lynn Winmill concluded that the BICE detainer compelled the Attorney General to take into custody the defendant in the event the defendant was released - regardless of whether he was released on parole, supervised release, or probation.  Judge Winmill declined to release the defendant under the Bail Reform Act if the consequence of that decision meant that the defendant would be deported, thus ensuring that the defendant would never stand trial for his illegal re-entry charge.  Consequently, Judge Winmill could not impose a set of conditions upon the defendant's pre-trial release that would reasonably assure his appearance for further proceedings and, therefore, detained the defendant pending trial.

Judge Winmill's well-reasoned approach to a nearly identical set of facts applies equally here and is, in my view, the law of the District on the issue of detention when a BICE detainer is in place.  During the detention hearing in the instant case, Schindele testified in no uncertain terms that, if released, Defendant would be arrested and promptly deported:

> Q: Okay.  And how long after that detainer is levied would that individual go into your, I guess, custody?
>
> A: As soon as he's released from whatever jail sentence he's doing.
>
> Q: Okay.  So if the jail or sentence is yet to be determined, they wouldn't go into your custody?

**MEMORANDUM DECISION AND ORDER - 5**

> A: If he's released from jail he would go into my custody, regardless of whether or not he'd been sentenced yet.
>
> Q: So you could have a hold on an individual, and even if they weren't sentenced yet, you would take them into custody?
>
> A: If they were released to us we would take them into custody.
>
> Q: Released as in say pretrial release?
>
> A: As in any kind of release from a court or a sentence.
>
> Q: Even if there was still court proceedings and issues to be determined in the pending criminal action?
>
> A: Yes.
>
> Q: You would take that individual out of the jurisdiction, even if they still had criminal matters pending?
>
> A: Yes.
>
> ***
>
> Q: If a federal court were to, as a condition of release, order that individual to remain in this district, would you still have the authority to take that individual and deport him?
>
> A: Yes.
>
> Q: Even if it was in violation of a court order?
>
> A: I have a warrant of removal for him right here.

(Tr. at 14:21-16:3). Therefore, the decision to grant Defendant pre-trial release here is independent of BICE's obligation to detain Defendant. That is, Defendant is subject to mandatory detention regardless of whether he is charged with illegal re-entry, and regardless of

///

///

**MEMORANDUM DECISION AND ORDER - 6**

whether he is granted pre-trial release on that pending charge.[3]  This reality recognizes that BICE lodges an immigration detainer for the very purpose of immediately transferring Defendant to BICE's custody upon his release.  In light of BICE's imminent detention and subsequent deportation efforts in the event of Defendant's release, it cannot be said that there is any condition or combination of conditions that will assure his appearance at trial.  Otherwise, Defendant's release will result in his being detained by BICE authorities, his prompt removal to Mexico, and his never standing trial.  Such a possibility is at odds with the Bail Reform Act.

Thus, the inability of the Court to fashion a set of conditions that will reasonably assure Defendant's appearance at trial provides a second, alternate basis for detaining Defendant pending his March 10, 2008 trial.

### IV.  ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Detention (Docket No. 4) is GRANTED and Defendant's Motion in Support of Pretrial Release (Docket No. 10) is DENIED.



DATED: **February 1, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

---

[3]  Defendant's counsel suggests that a court order prohibiting BICE from deporting Defendant will ensure his attendance at trial.  (*Id*. at 26:24-27:9).  However, Congress' exercise of its power in the immigration context is largely immune from judicial scrutiny.  *See Fiallo v. Bell*, 430 U.S. 787, 792 (1977) ("[I]t is important to underscore the limited scope of judicial inquiry into immigration legislation.  This Court has repeatedly emphasized that 'over no conceivable subject is the legislative power of Congress more complete than it is over' the admission of aliens." (Internal citations omitted)).

**MEMORANDUM DECISION AND ORDER - 7**